# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED
2007 MAR 28 A 10: 01
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Bobby Williams
Name

# 231210
Prison Number

Bibb County Correctional Facility
Place of Confinement

United States District Court MIDDLE District of ALABAMA

Case No. 2:07-CV-271-MHT
(To be supplied by Clerk of U. S. District Court)

Bobby Williams, PETITIONER
(Full Name) (Include name under which you were convicted)

Cheryl Price, WARDEN, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF ALABAMA
TROY KING, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

***If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack Pike County Circuit Court, Troy, Alabama
2. Date of judgment of conviction January 1st, 2005
3. Length of sentence 25 years Sentencing Judge Steven E. Blair

4. Nature of offense or offenses for which you were convicted: Robbery First Degree (X 2 Counts)

5. What was your plea? (check one)
   (a) Not guilty (✓)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

6. Kind of trial: (Check one)
   (a) Jury (✓)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (✓)

8. Did you appeal from the judgment of conviction? Yes (✓) No ( )

9. If you did appeal, answer the following:
   (a) Name of court Alabama Court of Criminal Appeals
   (b) Result Affirmed
   (c) Date of result December 16th, 2005
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details:

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (✓) No ( )

11. If your answer to 10 was "yes", give the following information:
   (a) (1) Name of court Pike County Circuit Court
   (2) Nature of proceeding Rule 32 (Post-Conviction Petition)
   (3) Grounds raised Ineffective Assistance of Counsel
   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
   (5) Result N/A
   (6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)

(5) Result N/A

(6) Date of result

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)

(5) Result N/A

(6) Date of result

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc. Yes (✓) No ( )

(2) Second petition, etc. Yes ( ) No ( )

(3) Third petition, etc. Yes ( ) No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
✓ (b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner's Sixth AND Fourteenth Amend.(s) Right to A Fair AND Impartial Trial was Violated.

Supporting FACTS (tell your story briefly without citing cases or law):

SEE ATTACHMENT

B. Ground two: Petitioners Fifth, Sixth, AND Fourteenth Amend(s) Right's were Violated Due to Mistaken Identification.

Supporting FACTS (tell your story briefly without citing cases or law):

SEE ATTACHMENT

C. Ground three: N/A

Supporting FACTS (tell your story briefly without citing cases or law):

N/A

D. Ground four: N/A

Supporting FACTS (tell your story briefly without citing cases or law): N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing JAMES NORMAN THOMAS

(b) At arraignment and plea JAMES NORMAN THOMAS

(c) At trial JAMES NORMAN THOMAS

(d) At sentencing JAMES NORMAN THOMAS

(e) On appeal JAMES "JIM" THOMAS

(f) In any post-conviction proceeding PRO-SE

(g) On appeal from any adverse ruling in a post-conviction proceeding: PRO-SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ) No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) And give date and length of sentence to be served in the future: ________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No (✓)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Bobby Williams
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 3/25/07.
(date)

Bobby Williams
Signature of Petitioner

Laura Hines 9-1-2010

GROUND ONE:

SUPPORTING FACTS(Tell your story briefly without citing cases or law):

The petitioner was arrested by the city of Montgomerey police department, and charged with the offense(s) of Robbery in the first degree.One of which occurred on or about December 22nd, 2002 and the other occurred on or about December 29th,2002. There was no physical evidence to connect the petitioner to the crimes. (Tr. 61) The offenses occurred in Troy, Alabama.

On or about January 13th,2003, the Montgomery police dept. contacted the Troy police dept. to let them know that they had the petitioner in custody for some Robberies in the Montgomery area.

Detectives Larry Ross and Greg Wright from the Troy police dept. drove to Montgomery to meet with the petitioner about the robberies in Troy, Alabama. Tr.58).

Detective Wright testified at the petitioner's trial that he talked to the petitioner about Fifteen to Twenty minutes prior to turning on the tape recordere to take petitioner's statement. (Tr.74) Detective Wright while talking to the petitioner for the unrecorded Fifteen to Twenty minutes told petitioner that he knew his father and helped his father in the past with problems leading the petitioner to believe that he would help him. This was done to recieve a statement from the petitioner in return.(Tr 74-75).

Dective Wright talked with the petitioner and obtained a statement based upon petitioner's understanding that detective Wright would help him with his cases. The statement was obtained by the use of the promise by detective Wright that he would assist the petitioner if he would cooperate with him and give a statement concerning the offenses he now stands convicted of. (Tr 76).

At the onset of petitioner's trial for both Robberies a Supp Suppression Hearing was held on the admissibility of the statement in the petitioner's trial. The trial court ruled the statement to be admissible. (Tr.3-18).

However, during petitioner's trial it was shown that both of of the store clerk's provided questionable identification's of the petitioner. (Tr.126 and Tr.150).

Furthermore, Detective Ross testified at petitioner's trial that there was no physical evidence to link the petitioner to the crimes. (Tr. 61).

Petitioner's statement was admitted into his trial over his counsel's exceptions to it's admission, because it was obtained by use of coercion. (Tr.71).

Petitioner's Sixth Amendment right to a Fair and Impartial trial was violated when the trial court allowed into evidence at his trial his illegally obtained statement into evidence.

GROUND TWO:
SUPPORTING FACTS (Tell your story briefly without citing cases or law):

Petitioner's conviction is not supported by the evidence given the misidentifications that occurred prior to the petitioner's trial.

Both Rebecca Holly and Edith Thomas (the victim's) made in court identifications of petitioner at trial. However, both pre-trial identifications were questionable. The robbery at the Bee Line store was caught on video tape and showed three black males enter the Bee Line store. One of the three demanded money holding a gun and another one walked around the counter and took the purse of Ms. Edith Thomas. Ms. Edith Thomas testified that petitioner was that person who held her at gun point and took the money from the store. Ms. Rebecca Holly.the store clerk at the Sunny South, testified that she was unable to identify the petitioner from the video0

**the Bee line gas station (Tr.142). In the description that Ms. Holly provided to detective Ross with the police department, prior to her seeing the Bee Line video, she idenitified petitioner, alleged gunman, as wearing bright Blue pants a black jacket,and a black toboggan (Tr.1333). She also idenitified him as wearing a Blue shirt. (Tr. 1334. In court she was asked to ID the petition from the video tape at the Bee Line store. (Tr. 146). The video showed three black males who came into the store. One of the three black males in the video was wearing a black leather jacket,dark pants and a black toboggan matching exactly the description she provided to the police the night of or day after the robbery. Ms. Holly testified that she was able to pick petitioner out of the Bee Line video after she was robbed at the Suuny South (Tr.141). At petitioner's trial witness Holly picked out an individual who did not match the previous description that she provided the police. (Tr. 146).**

Ms Holly description to the police after the incident matched the description of the person she said was not the petitioner in the video at trial. The problems with the identification by Ms. Holly are further compounded by the fact that Ms. Holly, from the Sunny South, idetified an individual in a photographic line up as being the petitioner over two weeks before the police ever had a picture of the petitioner. Ms. Holly testified that she was shown a photographic lineup containg petitioner's photograph in which she identified him on the Monday folowing the Robbery TR.135).The robbery occurred on Saturday night on December 21,2002 Tr.151). However, the police did not have in their possession a photograph of petitioner until January 13,2003.Tr207). Further, compounding the identification problem, Ms. Rebecca Holly did not tell detective Ross that petitioner had facial hair, yet in the photographic line up conducted approximately 16 days after the robbery, the petitioner had a well grown facial mustache. Tr. 213) and see Trial exhibit p page 16). Further according to detective Ross, Rebecca Holy stated that petitioner was a dark complected blak male,yet he is fair skinned African American. Tr. 214 and 218-220). In addition there per detective Ross that handled the petitioner's case no physical evidence against the petitioner to tie him to the robbery at the Sunny South Tr.61

Therefore, the only evidence against the petitioner was a tainted statement and questionable identification.

Ms. Edith Thomas identified the person wearing the white pull over sweater in the video as the gunman petitioner in her first statement to detective Wright.She then changed her identification at trial by stating petitioner was the one wearing the dark jacket. Tr. 165) This change was necessary as it was obvious from the Video that the gunman was the one wearing the black jacket and not the white shirt she inetially used to identify

petitioner to detective Wright.Tr.170).

In the case at hand the accuracy of the pre-trial witnesses identifications by Ms. Holly and Ms. Thomas are so inconsistent with each other that their identification of the petitioner at trial deprived the petitioner of a Fair and impartial trial in light of the fact that there was no physical evidence to link the petitioner to the crimes.,because there was no gun found, prints recovered or additional witnesses located outside of Ms. Holly and Ms. Thomas.


Bibb Co. CF
565 Bibb Lane
Brent, AL 35034
$00.72
MAR 27 2007
MAILED FROM ZIP CODE 35034
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA
36130
"Legal Mail"