IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN-DIVISION

BOBBY WILLIAMS #231210 )
   PETITIONER )
)
)
)
-VS.- ) CASE NUMBER:
) 2:07-CV-271-MHT
) (WO)
)
)
CHERYL PRICE, WARDEN et, al. )
   RESPONDENTS )

## SWORN AFFIDAVIT
## TRAVERSE TO ANSWER

   **Comesa Now,** the Petitioner Bobby Williams, Appearing (Pro-Se), without the Assistance of Counsel, does Respectfully Moves this Honorable Court in Good-Faith, Seeking this Court's Judicial Review of (Williams) Claims and Issues therein Petitioner's Writ of Habeas Corpus Pursuant to **28 U.S.C. 2254** Challenging the Denial of (Williams) Constitutional Rights as Secured in Accordance with the Provision of the United States Constitution, and the Constitution of the State of Alabama 1901. And as Cause thereof (Williams), would SHow the Following:

### SUPPORTING FACTS AND CASE LAWS

1. Petitioner Williams, states that the Trial Court of Pike County, Alabama; did Commit Reversable Err in allowing into Evidence the Custodial Statement of (WIlliams), who was a Suspect being Questioned regarding Criminal Activity.

2. Petitioner Williams, does Strongly Argues that "A Confession is not Admissible ifd it was Induced by a Promise, that Accused would not be Prosecuted or be Released. Petitioner Williams, say(s) that the Cause at the Bar: is the Pronmise of Leniency by Detective Greg Wright that he would Help Petitioner Williams in this Case See: Record C-122 Line 6-11 ) Detective Greg Wright further sttaed unto this the Petitioner that he had Helped his Father Mr. John Foster with some Misdemeanor Case(s) See: Record C-14 Line 16-22 C-13 Lines 20-25 Lines 13-16 ).

Petitioner Williams Asserted in his Testimony that Detective Greg Wright, would help him if he would give a Statement which (Williams) say(s) was unchallenged by the State of Alabama See: McLeod V. State 718 So 2d, 723 at 726 See: Jones V. State 572 So 2d 1305, 1307 (Ala.Crim.App. 1990) Reversed/Remanded.

Petitioner Williams, Argues that Greg Wright the Interrogating Officer's Statement to Petitioner amounted to "implied Promise that Petitioner Williams would recieve lighter Punishment or no Punishment at all if (Willioams) Cooperated and made Statement thereby Negating Voluntariness of Ensuing Confession. Petitioner Williams say(s) that"It has long been held under the Right against Self-Incrimination that an Involuntarily given Confession or Incriminating Statement is not Admissible in a Subsequent Criminal Prosecution (Williams) Argues that a Great Variety of Circumstances may cause a Confession or Incriminating Statement to be classified as Involuntary, the Test Applicable in Both Sttae and Federal Prosecution is Whether the Confession was Free and Voluntary, and the Fact that it must not have been Extracted by any Sort of Threats or Violencxe nor obtained by Direct or implied Promise however slight nor by the Exertion of any Improper Influence Citing: C. Gamble McElroy's Alabama Evidence 200.01 (3d ed 1977 (Footnotes Omitted).

Petitioner Williams, say(s) that Applying these Legal Principles to the instant Facts of Petitioner's Case this Court should find that Detective Greg Wright implied Promise was made does Necessary Engender a Hope of Favor in Petitioner's Mind. See: Weeks V. State 531 So 2d 643 (Ala. 1988) Citing: Womack V. State 281 Ala. 499, 205 So 2d 579 (1967), Petitioner Williams Argues that whether False or True the Confession of (Williams) must be Excluded from the Consideration of this Court as having been Procured by Undue Influence See: Guenther V. State 282 Ala. 620 623, 213 So 2d 679 681 (1968) cert.denied, 393 U.S. 1107 89 S.Ct 916 21 L.Ed 2d 803 (1969) See: Ex Parte McCary 528 So 2d 1133 (Ala. 1988).

Petitioner Williams, Argues that while no Specific Benefit was Offered (Williams) believe that under the Circumstances it was Reasonable for (Williams) to regard the Promise as a way of Detective <u>Greg Wright</u> as a way to help himself, and at the Time of the Confession (Williams) had Little or no Experince with Law Enforcement at the Time of the Interrogation Petitioner Williams was (20) Years old and such a Promise by the Detective to help him out was improper Inducement to gey (Williams) a <u>Young</u>, <u>Uneducated</u>, and <u>Inexperienced</u> Black-Male to make a Statement.

Detective Greg Wright used one of (William's) Closet Family-Member his Father to lead (Williams) to believe he was Trustworthy since he had helped (WIlliam's) Father out in the Past. Petitioner Williams, does Argues that the Weight of the Evidence is also Strongly against the Conviction and Sentence of this the Petitioner in this Cause before this Honorable Court this Court must take into it's Consideration the Fact that there was No-Physical Evidence tying (Williams) to this Crime to-wit: No-Gun, No-Finger Prints or any Money Recovered Petitioner Williams, states thaT THE Problem with the Identification of the State's Witness to-wit: Ms. Holly identified an Individual in a Photographic Line up as being the Petitioner <u>Bobby WIlliams</u>, over Two Weeks before the Police ever had a Picture of <u>Bobby WIlliams</u>, Ms. Holly Testified that She was Shown a Photographic Line-up containing Petitioner's Williams Photograph, in which Ms. Holly indentified him on the Monday following the Robbery See: Record C 151 **Lines 1-5** However the Police did not have in their Possession a Photograph of the Petitioner until **January 13th, 2003** ( See: Record C 207 **Lines 1-25 and P. 208).**

Petitioner Williams further Argues that the Identification was the Fact that Ms. Holly stated that Petitioner was Dark Complected Black Male yet Petitioner Williams is a Fair Skinned African American  See: Record C 214 **Line 27 and C 218-220).**

Petitioner Williams, states that the only evidence against him is the Statement that was Induced by illegal Statements from Detective Greg Wright, and a Questionable Identification by both Victims in this Cause Before this Honorable Court See: Deloach V. State, 356 So 2d 222 (Ala.Crim.App.) in which (Williams) Argues that the Trial Court on Evaluating the Likelihood of such Misidentifiaction is whether the in Court or out Court must be consider the Certain Factors as Out Lined Neil V. Bigger 409 U.S. 188 93, S.Ct 375 34 L.Ed 2d 401 (1972) those Factors include the Opportunity of the witness to View the Criminal at the time of the Crime the Witrness degree of Attention the Accuracy of the Witness Prior Description of the Criminal, the Level of Certainty Demonstrated by the Witness at the Confrontation and the Lenght of time between the Confrontation and the Crime.

Petitioner Williams does Argues that the Accuracy of the Witness in this Case by Victims Holly, and Thomas are so inconsistent with each-others and the Actual Appearance and Dress of Petitioner Williams, this Court should take such notice that the Finding of the Jury's Verdict was against the Weight of the4 Evidence in this Case.

Petitioner Williams, say(s) that the Promise by the Detective to Help him out was an Improper Inducement to get (Williams) to make a Statement and the issues contained therein (Williams) Writ of Habeas Corpus are Meritorious as Set-Forth in the Denial of Petitioner's Constitutional Rights in which (Williams) Argues that saided Conviction and Sentence, should be Lifted.

## CONCLUSION

Petitioner Williams, does Respectfully ask of this Court to Reverse, and Remand this Case back to the Circuit Court of Pike County, Alabama, for an Evidentiary-Hearing to be Conducted on the undisputed Material Facts of Law therin (Williams) Writ of Habeas Corpus, or in the Alternative Grant (WIlliams) a New trial of this Matter.

## CERTIFICATE OF SERVICE
## VERIFICATION

This does Hereby Certify's that <u>Bobby WIlliams</u> has Served upon the Office of the Clerk <u>Debra P. Hackett</u> U.S. District Court, and upon all Parties to this Action a Copy of the Foregoing Pleadings by placing same in the United Sttaes Postal-Mail this <u>28th</u>, Day of <u>June</u>, 2007.

CC. Troy King---<u>Attorney General Office</u>

RESPECTFULLY SUBMITTED:

*Bobby Williams*
BOBBY WILLIAMS

```
----------------
STATE OF ALABAMA
BIBB COUNTY
----------------
```

This does Hereby Certify's that **Bobby Williams** Personally Appeared before me First being Duily Sworn Deposes and say(s) that the Foregoing Statement are True and Correct.

Sworn to and Subscribed Before me this 19 Day of June, 2007.

Notary Public: _Laura Nixes_

My Commission Expires: 9-1-2010

RESPECTFULLY SUBMITTED:

_Bobby Williams_
BOBBY WILLIAMS

CC: COPIES

Bobby Williams # 231210
Ventress Correctional Facility
P.O. Box 767 Clayton AL 36016

Legal Mail

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON
CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION

OFFICE OF THE CLERK
United States District Court
P.O. Box 711
Montgomery AL 36101-0711



USPS GWF postmark JUN 29 2007
USA FIRST-CLASS FOREVER